UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

THOMAS HARRIS,

               Plaintiff,

    v.

CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,

               Defendant.

CASE NO. 13-cv-05864 JRC

ORDER ON PLAINTIFF'S COMPLAINT

     This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, ECF No. 5; Consent to Proceed Before a United States Magistrate Judge, ECF No. 6). This matter has been fully briefed (*see* ECF Nos. 16, 17, 18).

     The parties agree that the ALJ committed legal error by determining the onset date of plaintiff's disability without a legitimate medical basis (ECF No. 16, page 13; ECF

No. 17, page 2). Plaintiff claims that the court should remand for an immediate award of benefits because plaintiff met all of the requirements for being found disabled as of January 20, 2009, which should serve as a protective filing date for both Title II and Tile XVI benefits (ECF No 16, page 5).

The problem with this argument is that if there was no medical basis to find a disability onset date of September 9, 2011, there is similarly no medical basis to find a disability onset date of January 20, 2009.

This matter must be remanded for further proceedings to determine plaintiff's onset of disability date as established by all of the evidence in the record.

## BACKGROUND

Plaintiff, THOMAS HARRIS, was born in 1965 and was 34 years old on the alleged date of disability onset of November 12, 1999 (*see* Tr. 187-88, 200-20). Plaintiff graduated from high school (Tr. 60-61). Plaintiff has work experience as a fire safety helper, tool and equipment rental clerk, a truck driver, a fork lift operator, and a school bus driver (Tr. 92). The ALJ found that plaintiff had not been engaged in substantial gainful activity since November 12, 1999. According to the ALJ, since the alleged onset date of disability, plaintiff has at least the severe impairments of "'a back disorder' (20 CFR 404.1520(c) and 416.920(c))" (Tr. 13).

At the time of hearings, plaintiff was living with his son and his mother in her home (Tr. 42, 60, 83).

PROCEDURAL HISTORY

This case has an interesting procedural history.  Plaintiff initially filed an application for Title II benefits on January 20, 2009 (Tr. 222).  At the time of his first hearing on February 24, 2011, before Administrative Law Judge (ALJ) Wayne N. Araki, (Tr. 31-54), the ALJ continued the hearing to allow plaintiff to file a Title XVI application (Tr. 52-53, 199).  On March 7, 2011, plaintiff sent his Title XVI application to ODAR (Tr. 199-220).

The second hearing occurred on July 7, 2011 (Tr. 55-94).  The ALJ issued a decision on September 9, 2011, finding that plaintiff was disabled as of the time his Title XVI application was filed, but not before then (Tr. 7-22).

On August 9, 2013, the Appeals Council denied plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review (Tr. 1-6). *See* 20 C.F.R. § 404.981. Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's written decision in October, 2013 (*see* ECF Nos. 1, 3). Defendant filed the sealed administrative record regarding this matter ("Tr.") on December 10, 2013(*see* ECF Nos. 10, 11)).

In plaintiff's Opening Brief, plaintiff raises the following issues:   (1) Whether or not the Commissioner properly determined plaintiff's protective filing date to be March 21, 2011; (2) Whether or not the ALJ properly developed the record; and (3) Whether or not the ALJ properly found plaintiff not credible prior to March 7, 2011 (*see* ECF No. 16, p. 1).

In his written decision, the ALJ determined that plaintiff's residual functional capacity prior to March 21, 2011 was that plaintiff could perform a full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b) (Tr. 14). The ALJ then found that beginning March 21, 2011, due to the residual effects of pain and the side effects of medication, plaintiff was unable to work eight hours a day, five days a week (Tr. 15). The ALJ failed to call a medical expert to testify as to the date of disability onset.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

Plaintiff argues that the ALJ's finding that he was disabled as of March 21, 2011 has no legitimate medical basis and therefore cannot stand (ECF No. 16, p. 14, *citing Morgan v. Sullivan*, 945 F.2d 1079, 1082-83 (9th Cir. 1991)). Nevertheless, plaintiff argues that because plaintiff met each of the requirements for a protective filing, that the finding of disability should be retroactive back to the date of filing his Title II application, January 20, 2009 (ECF No. 16, pp. 5-6).

Defendant correctly points out that the Ninth Circuit has held that "[i]n the event that the medical evidence is not definite concerning the onset date and medical inferences

need to be made, [Social Security Ruling] SSR 83-20 requires the [ALJ] to call upon the services of a medical advisor and to obtain all evidence which is available to make the determination." *Delorme v. Sullivan,* 924 F.2d 841, 848 (9th Cir. 1991); *see* SSR 83-20, available at 1983 SSR LEXIS 25, at *6-*7; (*see also* ECF No. 17, p. 2). As noted by defendant, because the medical evidence was not definite concerning the onset date, the ALJ should have called on an ME to assist in making an accurate medical determination (ECF No. 17, page 1).

After reviewing the record and the materials cited by plaintiff, there is no medically sufficient basis in the record to assume that plaintiff's disability onset occurred prior to the filing of the Title II application in 2009. Therefore, further proceedings are required.

Plaintiff further argues that if the matter is remanded, the Court should determine that plaintiff's disability onset was at least the date of filing of the Title XVI application (ECF No. 18, p. 3). Again, this Court disagrees. An ME will be necessary to infer the onset of plaintiff's disability. It is entirely possible that an ME will disagree about the progression of plaintiff's limitations. Without the benefit of this expert testimony, an immediate finding of disability would be inappropriate. An ALJ must procure "all evidence which is available to make the determination." *Delorme, supra*, 924 F.2d 848; *see also* SSR 83-20, 1983 SSR LEXIS 25 at *6-*7.

Because this issue is dispositive, there is no reason to address the remaining issues raised by plaintiff. A new decision must be issued following a hearing with a ME, and

new evidence may be presented at the hearing that may alter the final decision from the Administration on issues such as plaintiff's credibility

## CONCLUSION

Therefore, the ALJ's decision is hereby vacated in its entirety.

The Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration.

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 24th day of June, 2014.

J. Richard Creatura
United States Magistrate Judge