1

2

3

4

5

6

7

8
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
9
AT TACOMA

10

THOMAS HARRIS,

11
                    Plaintiff,

12
            v.

13

CAROLYN W. COLVIN, Acting
14
Commissioner of the Social Security
Administration,
15

                    Defendant.

16

CASE NO. 13-cv-05864 JRC

AMENDED ORDER ON
PLAINTIFF'S COMPLAINT

17

18
        This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and

19
Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S.

20
Magistrate Judge and Consent Form, ECF No. 5; Consent to Proceed Before a United

21
States Magistrate Judge, ECF No. 6).  This matter is before the Court on plaintiff's

22
Motion and Brief in Support of Motion to Alter or Amend Judgment (ECF No. 21; *see*

23
*also* ECF Nos. 22, 23).

24

1   Because the Court agrees that the ALJ's finding that plaintiff was disabled as of

2   March 21, 2011 was not challenged by plaintiff, in whose favor the finding was made,

3   and that this finding also was not revisited by defendant in the sixty days following the

4   ALJ's decision, the Court herein concludes that the ALJ's finding that plaintiff was

5   disabled at least as of March 21, 2011 may not be revisited by the Administration

6   following remand of this matter.

7        As determined previously, and as conceded by defendant, the ALJ "in this case

8   committed harmful legal error" by failing to call a medical expert to determine the exact

9   date of disability onset (*see* ECF No. 17, 19). Therefore, this matter still must be reversed

10  and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration

11  on the limited question of whether or not plaintiff became disabled prior to March 21,

12  2011.

13

14        **BACKGROUND AND PROCEDURAL HISTORY**

15        Plaintiff initially filed an application for Title II benefits on January 20, 2009 (Tr.

16  222). At the time of his first hearing on February 24, 2011, before Administrative Law

17  Judge Wayne N. Araki ("the ALJ") (Tr. 31-54), the ALJ continued the hearing to allow

18  plaintiff to file a Title XVI application (Tr. 52-53, 199). On March 7, 2011, plaintiff sent

19  his Title XVI application to ODAR (Tr. 199-220). The second hearing occurred on July

20  7, 2011 (Tr. 55-94).

21        In his September 9, 2011written decision, the ALJ determined that plaintiff's

22  residual functional capacity prior to March 21, 2011 was that plaintiff could perform a

23  full range of light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) (Tr. 14).

24

The ALJ then found that beginning March 21, 2011, the date that his Title XVI application was filed, but not before then, due to the residual effects of pain and the side effects of medication, plaintiff was unable to work eight hours a day, five days a week (Tr. 15, 7-22). The ALJ failed to call a medical expert to testify as to the date of disability onset.

Following this partially favorable decision by the ALJ, plaintiff filed a complaint in this Court (*see* ECF Nos. 1, 3, 16, 19). In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Whether or not the Commissioner properly determined plaintiff's protective filing date to be March 21, 2011; (2) Whether or not the ALJ properly developed the record; and (3) Whether or not the ALJ properly found plaintiff not credible prior to March 21, 2011 (*see* ECF No. 16, p. 1). Plaintiff "did not challenge the ALJ's RFC," and "[t]here was no challenge to the adequacy of the finding that he was disabled in March 2011" (*see* ECF No. 21, p. 5; ECF No. 23, p. 6).

In response, defendant conceded that "the administrative law judge (ALJ) in this case committed harmful legal error" (*see* ECF No. 17, p. 1). Defendant admitted that "remand is necessary for the ALJ to call an ME to infer the date of onset of disability" (*see id.*, p. 2). This Court agreed, and on June 24, 2014, the Court issued an Order vacating the ALJ's decision in its entirety, and reversing and remanding this matter to the Acting Commissioner for further administrative proceedings (ECF No. 19).

On July 22, 2014, plaintiff filed a motion to alter or amend the judgment, and brief in support (*see* ECF No. 21). Plaintiff requests that the Court enter an amended Order and Judgment with a conclusion that the ALJ's finding that plaintiff was disabled at least as

1  of March 21, 2011 had not been challenged by either party and hence, cannot be revisited

2  by the Acting Commissioner on remand. Defendant filed a Response arguing that the

3  Court did not err and that no manifest injustice has occurred (*see* ECF No. 22). Plaintiff

4  has filed a reply (*see* ECF No. 23).

5                                        **STANDARD**

6        According to the Ninth Circuit:

7

8        Under Federal Rule of Civil Procedure 59(e), a party may move to have
         the court amend its judgment within 28 days after entry of judgment.
9        "Since specific grounds for a motion to amend or alter are not listed in
         the rule, the District Court enjoys considerable discretion in granting or
10       denying the motion." *McDonnell v. Calderon*, 197 F.3d 1253, 1255 n.1
         (9th Cir. 1999) (en banc) (per curiam) (internal quotation marks
11       omitted). But amending a judgment after its entry remains "an
         extraordinary remedy which should be used sparingly." *Id.* (internal
12       quotation marks omitted). In general, there are four basic grounds upon
         which a Rule 59(e) motion may be granted: (1) if such motion is
13       necessary to correct manifest errors of law or fact upon which the
         judgment rests; (2) if such motion is necessary to present newly
14       discovered a previously unavailable evidence; (3) if such motion is
         necessary to prevent manifest injustice; or (4) if the amendment is
15       justified by an intervening change in controlling law. *Id.*

16

17  *Allstate Insurance Co v. Herron,* 634 F.3d 1101, 1111 (9th Cir. 2011) (*citing McDonnell*

18  *v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per curiam) (*citing* 11

19  Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995))). The

20  Ninth Circuit noted that these four enumerated grounds on which a Rule 59(e) motion

21  may be granted are not exclusive, further noting that an amendment reflecting a "purely

22  clerical task of incorporating undisputed facts into the judgment" is an appropriate

23

24

AMENDED ORDER ON PLAINTIFF'S
COMPLAINT - 4

ground for a Rule 59(e) amendment. *Id.* (*citing McDonnell, supra*, 197 F.3d at 1255;

*Molnar v. United Techs. Otis Elevator*, 37 F.3d 335, 337-38 (7th Cir. 1994)).

## **DISCUSSION**

1. **Whether or not the ALJ's finding that plaintiff was disabled as of March 21, 2011 can be revisited by the Administration following remand of this matter.**

First, the Court notes that plaintiff is not challenging "the decision made in his

favor, but rather he argues the form of the Order leaves open for further adjudication a

period of time and issues previously decided in plaintiff's favor which were not and could

not be challenged" (*see* Reply, ECF No. 23, p. 2). Therefore, the Court is not persuaded

by defendant's argument that plaintiff lacks standing to challenge this aspect of the

Court's Order (*see* Response, ECF No. 22, p. 2).

Regarding the main contention in plaintiff's motion to amend, the issue as

discussed herein is whether or not the Court erred in concluding that the Acting

Commissioner was free following remand of this matter to revisit the finding favorable to

plaintiff that plaintiff was disabled as of March 21, 2011. The Court notes that although

amending a judgment after its entry is an extraordinary remedy to be used sparingly, the

Court nevertheless "'enjoys considerable discretion in granting or denying the motion.'"

*Allstate, supra*, 634 F.3d at 1111 (*citing McDonnell, supra*, 197 F.3d at 1255 n.1). In this

matter, as discussed further below, the Court concludes that plaintiff's motion shall be

granted to correct a manifest error of law on which the judgment rests. *See id.*

Plaintiff cites *Allstate Ins. Co. supra*, 634 F.3d at 1112, in support of his argument

that a clear error of law "includes determination of issues outside those raised for

determination" (ECF No. 21, pp. 2-3). In support of his motion, plaintiff also cites *Almarez v. Astrue*, 2010 WL 3894646, 2010 U.S. Dist. LEXIS 104314 (C.D. Cal. 2010) (unpublished opinion); *see also Boyd v. Astrue*, 2011 U.S. Dist. LEXIS 99468 at *7 (W.D. Wash. 2011) ("the ALJ was thus not authorized to reevaluate this impairment at step two. The remand order did not throw open the doors for a reassessment on all impairments at step two") (unpublished opinion).

In *Almarez*, following remand from the district court, the ALJ "without explanation, altered his prior RFC assessment in a manner unfavorable to plaintiff, *i.e.*, the ALJ omitted certain manipulation limitations he previously had found to be supported by the evidence of record." *Almarez, supra*, 2010 U.S. Dist. LEXIS 104314 at *7. The *Almarez* court noted that the "limitations found by the ALJ in his [earlier] decision that favored plaintiff were not appealed," and were not disturbed by the court's remand order. *Id.* at *21 (*quoting Calderon v. Astrue*, 683 F.Supp.2d 273, 276-77 (E.D.N.Y. 2010)). When adopting the reasoning and rationale of the discussed district court cases, the court quoted *Calderon* favorably, noting that it, and the other cases discussed, "persuasively explain why the law of the case and law of mandate doctrines should apply in the Social Security context, and the [c]ourt agrees with, and adopts, their reasoning and rationales." *Id.* at *17-*18 (*quoting Calderon, supra*, 683 F.Supp.2d at 276-77) (footnote omitted). The quoted section from *Calderon* includes the following rationale:

> The point is particularly important in Social Security appeals because the District Court is never called upon to address issues resolved in the claimant's favor; the claimant obviously cannot challenge such determinations, and the Commissioner cannot challenge them because they were made by him (or his delegate) in the first place.

1

2    *Id.* at *17-*18 (*quoting Calderon*, *supra*, 683 F.Supp.2d at 276-77) (footnote omitted).

3    The Court finds this rationale to be persuasive.

4           Defendant correctly points out that *Almarez* is not binding on this Court, and is not

5    controlling authority. However, the reasoning therein nevertheless persuasively

6    demonstrates the error in allowing the ALJ to revisit the favorable conclusion that

7    plaintiff was disabled as of March 21, 2011 following remand of this matter. Therefore,

8    the Court finds it to be persuasive.

9           Therefore, for the reasons discussed, the Court is persuaded that it was erroneous

10   for this Court to indicate that the ALJ in this matter may alter his previous conclusion that

11   plaintiff was disabled as of March 21, 2011. This conclusion by the ALJ was favorable to

12   plaintiff; was not appealed by plaintiff or timely revisited by defendant; and does not

13   need to be revisited in order to address the dispositive issue raised by plaintiff and found

14   persuasive by this Court, *i.e.*, that the ALJ must call on the services of a medical expert to

15   determine if plaintiff's onset date of disability can be gleaned to be prior to March 21,

16   2011. *See* 20 C.F.R. § 416.1469(a); *see also* 20 C.F.R. § 404.989.

17          Finally, the Court concludes that *DeLorme v. Sullivan*, 924 F.2d 841 (9th Cir.

18   1991) is distinguishable from the matter presented herein because, as noted by plaintiff,

19   in that case, "the plaintiff never was found disabled at all by the ALJ" (*see* ECF No. 21,

20   p. 4 (*DeLorme*, *supra*, 924 F.2d at 843, 845)). In addition, in *DeLorme*, the emphasis on

21   the requirement that an ALJ procure "all evidence which is available to make the

22   determination" particularly was important due to a failure by the *DeLorme* ALJ to

1  adequately develop the record regarding mental health treatment records which might

2  have established disability. *Id.* at 844, 848. Therefore, *DeLorme* is not binding precedent

3  on the issue currently before the Court. *See id.*

   2. **Whether or not plaintiff's protective filing date was erroneously determined
      by the ALJ and whether or not plaintiff's protective filing date for his Title
      XVI application should be January 20, 2009, the date his Title II application
      for benefits was filed**.

7  Although the Court declined to address the issue of plaintiff's protective filing

8  date previously due to a finding that a different issue was dispositive, such dispositive

9  finding does not preclude necessarily the Court from ruling on plaintiff's protective filing

10 date. For this reason, and because the Court herein concludes that the ALJ erred with

11 respect to plaintiff's protective filing date, this issue will be discussed herein.

12 As noted, plaintiff initially filed an application for Title II benefits on January 20,

13 2009 (Tr. 222). At the time of his first hearing on February 24, 2011, the ALJ continued

14 the hearing to allow plaintiff to file a Title XVI application (Tr. 52-53, 199). On March 7,

15 2011, plaintiff sent his Title XVI application to ODAR (Tr. 199-220).

17 As noted by plaintiff, pursuant to 20 C.F.R. § 416.340, "the Commissioner states it

18 will use a written statement expressing intent to file a Title XVI application as a

19 protective filing date" for the Title XVI application (ECF No. 16, p. 6 (*citing* 20 C.F.R. §

20 416.340 (2014)). According to the relevant federal regulation, in order for a written

21 statement to be utilized to protect a claimant's filing date, certain requirements must be

22 met. *See* 20 C.F.R. § 416.340. The requirements for a claimant's writing to be used to

23 protect the filing date consist of the following:

24

1

2

3

4

     (a) The written statement shows an intent to claim benefits . . . .
     (b) You . . . . signed the statement.
     (c) An application form signed by you . . . . is filed with us within 60
          days after the date of the notice we will send telling of the need to file
          an application. . . . .
     (d) (1) The claimant is alive when the application is filed on a prescribed
          form, or . . . .

5

20 C.F.R. § 416.340.

6

7

8

9

10

11

12

13

14

15

16

     The issue herein is the protective filing date of plaintiff's Title XVI application for benefits. Because plaintiff initially filed an application for Title II benefits on January 20, 2009 (*see* Tr. 222), plaintiff contends that his Title II application serves as a written statement indicating an intent to claim benefits (*see* ECF No. 16, p. 6). Plaintiff also contends that his Title II application "serves as a signed statement and meets the second requirement" (*see id.*). Additionally, plaintiff argues that the ALJ's notice given to him at his first hearing on February 24, 2011 constitutes notice telling him of the need to file an application for Title XVI benefits (*see id.*). Plaintiff also notes that his Title XVI application was sent to ODAR on March 7, 2011, within 60 days of said notice (*see* Tr. 199-220). Finally, plaintiff notes that he still is alive (*see id*.).

17

18

19

20

21

     Defendant does not contest that any of these criteria are met (*see* ECF No. 17, p. 3-4). For this reason, and because plaintiff's argument is persuasive, the Court concludes that the ALJ erred by not utilizing the date of plaintiff's Title II application as a protective filing date for his Title XVI application.

22

23

24

     Therefore, following remand of this matter, pursuant to federal regulation, the protective filing date for plaintiff's Title XVI application is January 20, 2009. *See* 20 C.F.R. § 416.340.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

## CONCLUSION

The Court hereby **ORDERS** that this matter is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further proceedings consistent with this Amended Order.

The Court's Order is amended to reflect that plaintiff's protective filing date for the Title XVI application following remand of this matter is January 20, 2009.

The Court's Order also is amended to reflect that remand of this matter is limited to the question of whether or not disability can be established with assistance from a medical expert prior to March 21, 2011, as disability at least as of that date already has been determined by the Administration.

Dated this 22nd day of August, 2014.

J. Richard Creatura
United States Magistrate Judge

AMENDED ORDER ON PLAINTIFF'S
COMPLAINT - 10